**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

NATURAL RESOURCES DEFENSE
COUNCIL, INC.; THE INTERNATIONAL
FUND FOR ANIMAL WELFARE;
CETACEAN SOCIETY INTERNATIONAL;
LEAGUE FOR COASTAL PROTECTION;
OCEAN FUTURES SOCIETY; JEAN-
MICHEL COUSTEAU,
    *Plaintiffs-Appellees,*

CALIFORNIA COASTAL COMMISSION,
    *Intervenor-Appellee,*

   v.

DONALD C. WINTER, Secretary of
the Navy; UNITED STATES
DEPARTMENT OF THE NAVY; CARLOS
M. GUTIERREZ, Secretary of the
Department of Commerce;
NATIONAL MARINE FISHERIES
SERVICES; WILLIAM HOGARTH,
Assistant Administrator for
Fisheries of the National
Oceanographic and Atmospheric
Administration; CONRAD C.
LAUTENBACHER, JR., Administrator
of the National Oceanographic and
Atmospheric Administration,
    *Defendants-Appellants.*

No. 08-55054

D.C. No.
CV-07-00335-FMC
Central District
of California,
Santa Ana

ORDER
GRANTING
PARTIAL STAY

Filed February 29, 2008

Before: Betty B. Fletcher, Dorothy W. Nelson, and
Stephen Reinhardt, Circuit Judges.

2075

## ORDER

As we explain in our opinion issued concurrently with this order, we affirm the district court's January 3, 2008 preliminary injunction order, as modified on January 10, 2008. The preliminary injunction permits the Navy to complete the remaining eight of fourteen scheduled COMPTUEX and JTFEX exercises in the waters off the coast of southern California on the condition that it employ a number of measures designed to mitigate the harm to marine mammals that the district court found would, "to a near certainty," result from the Navy's use of mid-frequency active sonar (MFA sonar). *See* Jan. 3, 2008 Dist. Ct. Order at 12.

The Navy has argued that the balance of hardships tips in its favor because two of the mitigation measures imposed by the district court would significantly limit its ability to conduct anti-submarine warfare training as part of the scheduled exercises and would consequently jeopardize its ability to certify its strike groups as ready for deployment. The two mitigation measures require the Navy to (1) suspend its use of MFA sonar if a marine mammal is detected within 2,200 yards of the sonar source, and (2) reduce the acoustic energy level of MFA sonar by 6 decibels whenever significant surface ducting conditions are detected. *See* Jan. 10, 2008 Dist. Ct. Order.

On this appeal, we do not determine the issues finally but decide only whether the district court relied on an erroneous legal premise or abused its discretion in issuing its preliminary injunction order on the basis of its finding that plaintiffs had a strong likelihood of success on the merits and that the balance of hardships favored them. Thus, the scope of our review at this juncture is limited. In light of the short time before the Navy is to commence its next exercise, the importance of the Navy's mission to provide for the national defense and the representation by the Chief of Naval Operations that the district court's preliminary injunction in its current form will "unacceptably risk" effective training and strike

group certification and thereby interfere with his statutory responsibility under 10 U.S.C. § 5062 to "organiz[e], train[ ], and equip[ ] the Navy," we *sua sponte* partially and temporarily stay the preliminary injunction as adopted by the district court to the extent provided herein.

We modify the abovementioned two mitigation measures and stay them in their original form. All other provisions of the preliminary injunction shall remain unchanged and in effect. The two modified measures shall be in effect in lieu of the original measures until the expiration of this stay order. We act out of an abundance of caution to protect the important interests at stake in this appeal pending possible further review and in the firm belief that the modified provisions should satisfy the concerns stated by the Chief of Naval Operations in his affidavit, while protecting the marine mammals to the extent possible given those concerns.

The first mitigation measure is modified to require the Navy to suspend its use of MFA sonar if a marine mammal is detected within 2,200 yards of the sonar source, except when MFA sonar is being used at a "critical point in the exercise," in which case the Navy shall reduce the MFA sonar level by 6 decibels when a marine mammal is detected within 1,000 meters from the sonar source, reduce the MFA sonar level by 10 decibels when a marine mammal is detected within 500 meters of the sonar source and suspend its use of MFA sonar when a marine mammal is detected within 200 meters of the sonar source.[1] A "critical point in the exercise"

---

[1] We note that the Navy had already agreed to employ the 1,000 meter, 500 meter and 200 meter safety zones before the district court issued its preliminary injunction order. *See* Dec. 14, 2007 Bird decl. 58.

Consistent with the Deputy Secretary of Defense's January 23, 2007 National Defense Exemption from the Requirements of the Marine Mammal Protection Act, the preliminary injunction exempts the Navy from the 2,200 yard "shutdown" requirement where the detected marine mammal is a dolphin or a porpoise and it appears that the dolphin or porpoise is intentionally following the sonar-emitting naval vessel in order to play in or ride the vessel's bow wave. *See* Jan. 10, 2008 Dist. Ct. Order. This exemption shall remain in effect.

is a point when, in the discretion of the Admiral overseeing the exercise or the commander of the sonar-emitting vessel, continued use of MFA sonar is critical to the certification of a strike group or the effective training of its personnel. For example, the responsible officer, in his discretion, might determine that a shutdown would fundamentally undermine effective training or certification because the particular exercise underway is at a stage that would be seriously compromised by a shutdown.

The second mitigation measure is modified to require the Navy, when significant surface ducting conditions are detected, to reduce the MFA sonar level by 6 decibels where a marine mammal is detected within 2,000 meters of the sonar source, reduce the MFA sonar level by 10 decibels where a marine mammal is detected within 1,000 meters of the sonar source, and suspend its use of MFA sonar where a marine mammal is detected within 500 meters of the sonar source.

The partial stay of the preliminary injunction is entered without prejudice to either party's seeking further relief from the district court in the event of provable actual harm warranting such relief.

This stay shall remain in effect for 30 days from the date of this order, unless a petition for certiorari to the Supreme Court of the United States is sought. If such petition is filed on or before the thirtieth day, the partial stay of the preliminary injunction shall remain in effect until final disposition by the Supreme Court.

**SO ORDERED.**

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2008 Thomson/West.